PRISONER"S CIVIL RIGHTS COMPLAINT(Rev.05/2015)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

Bennie David Guy                                             Plaintiff
2661 Fm 2054
Tennessee Colony,Tx,75884

Vs,                                        CASE NO._____

Texas Board of Pardons and Paroles
each member in offical capacity only,
Chairmans David Guiterriez and Rissie
Owens.

### CIVIL RIGHTS COMPLAINT WITH MEMORANDUM OF LAW

**PLAINTIFF:**

Bennie D,Guy,Prisoner,TDCJ# 01862511 is a prisoner at the Coffield unit at 2661 Fm 2054,Tennessee Colony Texas,75884 Department of Criminal Justice,he has been denied Parole at least 8 times on the same grounds,Guys orignal parole date was TDC CALC DATE 05/03/2001 over 21 years ago see exhibit # 1.  Without being able to challenge such documents/records reviewed by the (TBPP) Texas Board of Pardons and Paroles to consider whether he is entitled to be released.

**DEFENDANTS**

Texas Board of Pardons and Parole along with Chairmans David Guiterries and Rissie Owens and each other member releavent to this complaint is responceable for granting or denying release of prisoners after a fair review of there records.

**STATEMENT OF CLAIMS:**

Petitioner Guy is 63 years old he has a 2nd degree felony thats non aggvated,he has been denied parole least 8 times a total of 21 extra years hes served without being allowed to review and challenge any error and/or derogatory information in his parole file.

1

-This systematic denial of parole is an ongoing denial of EQUAL PROTECTION AND DUE PROCESS,as offorded by the U,S,Constitution.

**FACTS:**

Petitioner has been denied parole 8 times without being able to review his parole file,most recently on 8-22-2017 Guy was given 5 year set off, then on ~~gross~~ 9/28/2022 was given a nother sat off just now for 2. ~~5~~ years,petitioner has been repeatedly denied parole for the SERIOUS NATURE OF THE OFFENCE AND CRIMINAL BEHAVIOR PATTERN AS 1D and 2D,the repeated use of 1D and 2D is a systematic denial of equitable considerations for release,he has repeatly requested to review his file,but, each of his requests have been denied stateing that the Freedom of information act does not apply to prisoners. Thus petitioner has been denied his Constutional rights to an oppertunity to participate in his parole hearings, which is necessary in order that he may challenge such false/and or deratory information in his file.

**ARGUMENT AND AUTHORITIE:**

Petitioner states that he has been denied his Constitutional right to an opportunity to participate in his parole hearing necessary in order that he may challenge such documents/records reviewed by TBPP to consider whether he is entitled to release on parole. <u>EX PARTE GUAJARD 70 S,W,3d,202(Tex,App) San Antonio 2002), SHAW V STATE,539 S,W,2d,887 890(Tex,CR,App,1986</u>(holding procedure requires hearing at which evidence must be addressed in presence of the defendant proving events in question actually occurred), accord <u>HOMAN V HUGHES</u> 708,S,W,2d,449,454-55(TEX,CR,App,1986(holding entry of such an EX PARTE violates defendants Constutitional rights,- see also,<u>VALLEZ V STATE</u> 21 S,W,3d,778,(TEX,App, San Anttonio 2000,no pet).

---

MEMORANDUM OF LAW TO SUPPORT THIS CIVIL ACTION

"AS A CLASS ACTION"

---

Bennie D, Guy # 1862511

*Bennie D. Guy 1862511*

Equally appling the above holding to the Parole Proceeding clearly states a Constutitional right to a fair opportunity to participate in the Parole proceeding. This in turn will allow Petitioner a fair Opportunity to rebutt any false or inaccurate information in the records that may be in the files in which the TBPP may have used as a reason to deny petitioner Parole. The denial of his right to object would also deny petitioner the right to be heard in violation of his right to due process

The fundamental requirements of due process demand a opportunity to be heard,<u>ARMSTRONG V MANZO</u>,380,U,S,545,552,85,S,Ct.1187,1191.(1965) <u>CREEL V DIST,ATTY,</u>818,S,W,2d,45,46 (TEX,1991)Further more such denial of an opportunity to review the records in which the decision was based upon for the denial also denies the right to notice,as petitioner had no notice of which record,or records were reviewed as TBPP did not send Petitioner a copy of the records to be used in the decision process.

Petitioner asserts that the Statute is unconstitutional because it is being adminstered in an arbitrary and capricious fashion or in a way that discriminates against the poor who are proceeding Pro Se, and are unable to hire an attorney to attend the Parole proceedings,as it is clear based upon a pattern or practice of discrimination or arbitreriness, U,S,Const,14.<u>Jucek v Estelle</u> 583,F,2d,672,Rehearing En Banc Granted 597,F,2d,590, on Rehearing 623,F,2d,729,(Cert denied 101 S,Ct 1709,<u>LEE V WASHINGTON</u> 390,U,S,333,88,S,Ct,794,(1968) The Court in <u>PERVELER V ESTELLE</u> 974 F,2d,1437 (11th Cir) found that state parole board's admitted use of false information was arbittary and capricious and constituted a violation of due process.

Petitioner has completed all ITP programs that apply to him,such as;
1, The rape program,see Exhibit # __2__
2, Anger management program,see Exhibit # __3__
3, Thinking errors program,see exhibit# __4__
4, G,E,D, higher education,Sept 2001,see school file. and yet he has been repeatedly denied parole 8 times,21 years worth of set offs on a 2nd deg non agg felony based solely upon prior conduct that was 28 years ago and a record that he has never had had an opportunity to review.

The U,S,Supreme Court has not defined the minmum process required by due process Clause for the denial of parole under the TEXAS system,however it made clear that the requirements were satisfied where the inmate

4

were allowed to speak at there hearings and to contest the evidence against them and were afforded access to there records inadvance,and were notified as to the reasons why parole was denied. see PERSON V MUNTZ 639 F,3d, 1185,8 times and 21 years of sat offs and petitioner has never been allowed to review his files in order to challenge the evidence ,see JOHNSON V TDCJ 910,F,Supp,1208, Petitioner asserts that the TBPP has relyed on the life crime to deny him parole inspite of his completion of all rehabilitation programs available to him ,such decisions have been held unconstitutional by the Californa Supreme Court,Id at (In Re LAWARNCE(2008)44 Cal,4th at 1181,1212, The utilization of Criminal history and/or Nature of offence has become a systematic method in which to deny eligible parolees concideration for release. Purusant to,Lupo v Norton 371,F,Supp 156, the Court cited that if it appeared simple IRRATIONAL for the seriourness of the offence to be utilized to determine the range of punishment to be imposed,then again,to use the identical credentials of the offence as for a reason for denial of Petitioner's release on parole is unconstutitional. The U.S.Supreme Court rules,,,That all prisoners potentially eligible for parole has a protected liberty intrest of which they may not be deprived of without due process, regardless of the statutory language that implements the parole system. Petitioner asserts that he is being denied EQUAL PROTECTION because he is to poor to afford an attorny to review and challenge any false and or/ deragatory information in his file,see MONROE V THIGPEN 632,F,2d,1437,and SWARTHOUT V COOK 141 S,Ct,859,863, In several Federal Courts and a number of other State Courts many questions have been raised as to whether there are constitutional limits for denial on the prisoners original offence as opposed to rehabilitative accomplishments- see BIGGS V TERHUSE 334,F,3d,910,916,(9th Cir,2003)OVER TIME if exemplary behavior continues,the continued denial of parole based soley on prior conduct would raise serious questions) accordingly,IRONS V CAREY 505 F,3d,846,854,(9th Cir 2003)("We hope that the board will come to recongnize that in some cases,indefinite detention based soley on an inmates committment offence,regardless of the extent of his rehabilitation,will at some point violate due process,given the liberty intrest in parole that flows from relevant statutes")

    In 2006,prisoners of New York filed a  civil action alleging that for a certin class of violent felons,state officals had adopted a policy of

of denying parole based exclusively on the prisoners primary offence, dispite state law requring the board to consider other factors including the prisoners instutuional records, The Court held,ruling in favor of the prisoners "even in the absence of a state created liberty intrest in parole release, there is an entitlement to a process of decision making which comparts with the statutory guidlines of consideration to all statutory factors. see**GRAZIANO V PATAKI,** 2006 WL 2023082,*7 (S,D,N,Y.July 17 2006) see Id *9("While there is no due process right to parole being granted, there is a due process right to have the decision made only in accordance with the statutory criteria) see also **GRAZIO** 2007 WL 4302483*2-4 (S,D,N,Y Dec 5 2007)(Certifying case as a class action) **VILLARONGA V NEW YORK STATE DIV,OF PROB,AND PARDONS SERVICE** 13,misc,3d,1228(a),1228,831,N,Y,S, 2d, 357,358, (N,Y,Supp,2006)(Not) published(describing Garziana argument as compelling) **COOPER V SOUTH CAROLINA DEPT OF PROB AND PAROLE**661,S,E,2d,106 111-12 (S,Ct2003)("Prisoners have a liberty intrest in having board decide based on the factors dictated by the state parole statutes")

Petitioner Guy asserts that the Texas Parole System is wholly unfair as described by Ex-journalist Mike Ward of the Austin Statesmen,who wrote that he sat in on the parole review process with one of the commissioners "From the time the commissioner opened the prisoners file until he closed it was (7) minutes,during this 7 minute review process the commissioner:

*took 2 minute phone call;

*when the other commissioners finaly came in,one told a one minute joke; and,

*the commissioners secutary interrupted the process to serve coffee to the commissioners.

Ward estimated the actual review process took less than four minutes,The prisoner was denied parole,"Is this a just and fair review process ? Petitioner submits that it is not.

## CONCLUSION:

Petitioner Guy has not had a Just or Fair Parole hearing now in 8 long set offs that added up to 21 years worth of set offs,hes been subjected to a systematic denial of parole without being allowed to review and challenge any error or derogatory information in his file,Guy has completed all ITP programs see exhibits,and yet he has been denied parole based soley upon prior conduct.

6

**PRAYER:**

For these reasons, Petitioner prays this Court and its honorable judges will grant a Declaratory Judgement which declares the Texas Parole System is unconstitutional, as it systematically denies due process and equal protections that is granted to every citizen by the U,S,Constitution, and grant an injction for petitioner to have a hearing that meets all of the due process and equal protection requirements, for such I pray.

Bennie Gy 1862511
2661-Fm. 2054
Tennessee Colony, TX
75884

CERTIFICATE OF SERVICE

On this day 10th of oct 2022 I Bennie D,Guy TDCJ # 1862511 files with the Eastern District Federal Court this Civil Right Violation under 42 U,S,C,1983 against the Texas Board of Pardons and Parole for violation of Guys civil rights. postage afixxed to ensure promp delivery.

Bennie Guy 1862511
2661-Fm. 2054
Tennessee Colony, TX
75884