IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE DAVID GUY #1862511 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv407 |
| TEXAS BD. OF PARDONS AND PAROLES, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Bennie David Guy, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He has now paid the $402 filing fee. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations**

Plaintiff alleges that he became eligible for parole on May 3, 2001. (Dkt. #1 at 1.) But since that time he has been denied parole at least eight times on the same grounds, without being afforded the opportunity to review or challenge the records relied upon by the Texas Board of Pardons and Paroles ("the Board") in reaching its decision, including any "error and/or derogatory information" that may be in his parole file. (*Id.*) He asserts that the Board and its chairman and members are "responceable [sic] for granting or denying release of prisoners after a fair review of there [sic] records." (*Id.*) Plaintiff states that he is 63 years old and serving a sentence for a second degree felony that is non-aggravated, but he has been required to serve "a total of 21 extra years" because of the Board's decisions, despite having completed every program that applies to him. (*Id.* at 1, 4.)

Plaintiff asserts that the "Texas Parole System is wholey [sic] unfair" and that the Board systemically takes insufficient time to review the parole files before it before making its decisions. (*Id.* at 6; Dkt. #1-2 at 7–9.)

> Plaintiff claims these circumstances violate his constitutional rights:
>
> This systematic denial of parole is an ongoing denial of EQUAL PROTECTION AND DUE PROCESS, as [a]fforded by the U.S. Constitution. . . . Thus petitioner has been denied his Constitutional rights to an opp[o]rtunity to participate in his parole hearings."

(Dkt. #1 at 2.) He sues the Board, two named Board chairmen, and its (unnamed) members, seeking a declaratory judgment that the Texas parole system is unconstitutional and an injunction granting him "a hearing that meets all of the due process and equal protection requirements." (*Id.* at 7.)

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, so his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A despite his payment of the filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

**III. Discussion and Analysis**

Plaintiff does not state a claim for violation of his constitutional rights in connection with the denial of parole. He claims a violation of his right to due process, but Plaintiff has no constitutional liberty interest parole that would trigger a right to due process. *See Toney v. Owens*, 779 F.3d 330, 341–42 (5th Cir. 2015) (stating that the court has consistently held that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural due process grounds); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). The Supreme Court has held that a prisoner's liberty interest is "generally limited to freedom of restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). The denial of parole, even repeated denial, is not an unexpected or atypical event in the life of a prisoner. Accordingly, Plaintiff has no due process rights in connection with his consideration for parole.

Plaintiff characterizes the Board's decisions as requiring him to serve "extra" years in prison, but Plaintiff is simply being denied early release from a lawfully imposed criminal sentence that has not yet expired. The TDCJ's publicly available records indicate that Plaintiff was sentenced in July 1996 to forty years in prison for sexual assault and has a projected release date of November 19, 2035. *See* Inmate Information Details for Guy, Bennie David, available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=02843120 (last visited Jan. 16,

2023). Plaintiff has no constitutional right to release before the expiration of that sentence, despite his eligibility for parole consideration.

Plaintiff also fails to state a claim for violation of his right to equal protection. To state an equal protection claim, a plaintiff must typically allege that a government actor "intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Alternatively, a plaintiff may state a "class of one" equal-protection claim by alleging that he personally "has been irrationally singled out" for unfavorable treatment. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff does not state a claim under either theory.

Plaintiff does not allege that he is being treated unfavorably because of his race, gender, or ethnicity, and he does not allege that he has personally been singled out for mistreatment. He alleges that the Board's system "discriminates against the poor who are proceeding Pro Se, and are unable to hire an attorney to attend the Parole proceedings." (Dkt. #1 at 4.) But he does not allege that parole outcomes are better for wealthier or represented prisoners or identify any instances of those better outcomes. More importantly, he cannot establish that either poverty or *pro se* status constitute a protected class under the Equal Protection Clause. *See Benshoof v. Hall*, No. CIV-22-527-R, 2022 WL 3586215, at *3 (W.D. Okla. Aug. 22, 2022) ("Regarding Plaintiff's contention that his poverty makes him a protected class of citizen under the equal protection clause of the Fourteenth Amendment, the Court finds this objection to be meritless. In *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 25 (1973), the Supreme Court explicitly declined to define those who live in poverty as a suspect or quasi-suspect class under the equal protection clause of the Fourteenth Amendment."); *McAfee v. Davis*, No. CV H-18-3749, 2020 WL 880840, at *7 (S.D.

Tex. Feb. 21, 2020) ("Petitioner does not show that poverty or an inability to pay the fees constituted a protected class, nor does he show that persons similarly situated were treated differently."); *McDaniel v. Bailey*, No. 3:18-CV-204-RJC-DLH, 2018 WL 3381428, at *6 (W.D.N.C. July 11, 2018), *aff'd*, 748 F. App'x 511 (4th Cir. 2019) ("Plaintiff also claims that she was discriminated against because of her indigence and pro se status, however, these are not protected classes upon which a claim of discriminatory conspiracy can be based."); *Williams v. Perry*, No. CIV.A. 4:05CV227, 2006 WL 1207900, at *3 (E.D. Tex. May 1, 2006) (dismissing equal protection claim as frivolous because "pro se status is not a protected class").

Accordingly, even accepting the facts in Plaintiff's complaint as true, he cannot establish that he has any violation of his constitutional rights arising from the Board's decisions to deny him parole.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Traditionally, district courts should permit a *pro se* plaintiff an opportunity to amend his complaint before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff's lengthy complaint and memorandum in support clearly and lucidly convey his dissatisfaction with the parole process and his legal theories, and there is no reason to believe that he could amend his complaint in a way that would make it viable. Dismissal is therefore appropriate.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's lawsuit be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 17th day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE